HENRY LEMKE, Respondent, v. ALBERT THOMPSON, Appellant.

(167 N. W. 754.)

**Contract — cause of action on — complaint — supplemented by answer setting up contract — terms of — account stated.**

1. The complaint in the action is examined and *held* to state a cause of action on contract, being supplemented by the answer which sets up the contract in full out of which the suit arose, thus supplying any deficiency in the allegations in the complaint with reference to the terms of the contract. It is also further *held* that the complaint states a cause of action on an account stated.

**Verdict — evidence — sustained by.**

2. Evidence is examined and *held* to amply sustain the verdict of the jury.

**Court — rulings of — on trial.**

3. Rulings of the court examined and *held* to contain no reversible error.

**Court — instructions to jury.**

4. Instructions of the court examined and *held* to be without error.

Opinion filed May 3, 1918.

Appeal from the District Court of Ramsey County, North Dakota, Honorable *A. T. Cole,* Judge.

Affirmed.

*Frich & Kelly,* for appellant.

An account stated can only arise after a mutual examination of the claims existing, an agreement as to their correctness, and a definite fixing of the amount due and a promise to pay. Words & Phrases, 93.

Evidence that falls short of showing these facts, does not show an account stated. Coffee v. Williams (Cal.) 37 Pac. 504; Rosenbaum

v. McEwan, 131 Pac. 781; Gunn v. Mining Co. 130 Pac. 458; Teller v. Sumner, 18 Atl. 1071.

No statement of account, correct or otherwise, was ever forwarded to appellant. A demand for payment of a gross sum is not a "statement of account." 1 Century Dig. 754, § 31; Packing Co. v. Tallant, 133 Fed. 990; Howell v. Johnson, 38 Or. 571, 64 Pac. 659; Peoria Co. v. Turney, 58 Ill. App. 563; Davis v. Bank, 19 Wash. 65, 52 Pac. 526.

In this case there was no book debt or so-called account between the parties. The liability here is based upon and flows out of an express agreement reduced to writing. Therefore the written contract itself is the operative instrument, and the doctrine of account stated does not apply. Jasper v. Lamkin (Ala.) 24 L.R.A.(N.S.) 1237, 50 So. 336; Thomasma v. Carpenter (Mich.) 141 N. W. 559; Valley Lumber Co. v. Smith, 71 Wis. 308, 37 N. W. 413; Young v. Hill, 67 N. Y. 162, 23 Am. Rep. 99, 108; Gilson v. Stewart, 7 Watts, 100; Middleditch v. Ellis, 2 Exch. 623; Gutschall v. Cooper (Colo.) 86 Pac. 125; Williams v. Williams, 3 Ind. 222; Gallenger v. Traffic Co. (Wis.) 30 N. W. 790; Fraley v. Bispham, 10 Pa. 320, 51 Am. Dec. 486; Brewing Co. v. Friar (Mich.) 58 N. W. 52.

The contract here was required to be written, and being written, it could be altered only by an additional or supplementary contract in writing, or by an executed oral agreement. Comp. Laws 1913, §§ 5937, 5963.

No rescission of this contract has ever been made, nor has any new contract been shown to have been performed. Arnett v. Smith, 11 N. D. 55; Cotton v. Butterfield, 14 N. D. 465; Silander v. Gronna, 15 N. D. 552.

In instructing the jury it is the duty of the court to instruct only on the issues made up by the evidence, and not to speculate or conjecture upon what might have been in issue. Hutchinson v. Western Bridge Co. 97 Neb. 439, 150 N. W. 193; Eisentraut v. Madden, 97 Neb. 466, L.R.A. 1915C, 893, 150 N. W. 627; Miller v. McCall, 37 Okla. 634, 133 Pac. 183; Kinnaird v. Spottswood, 172 Ky. 612, 189 S. W. 904; Iverson v. Look (S. D.) 143 N. W. 332; Kopacin v. Paper Co. 125 Pac. 281; Senter v. Railway Co. 84 Neb. 256, 121 N. W. 113; Power v. Turner, 37 Mont. 521, 97 Pac. 950; Barron v. Railway Co. 16 N. D.

277; Wuale v. Hazel, 19 S. D. 483; 38 Cyc. 1617–1621 and cases cited in note 40.

A preponderance of the evidence is all that is required to establish a disputed question of fact in a civil action. Dohmen v. Ins. Co. 96 Wis. 38, 71 N. W. 69; McCord v. Moneyhan, 59 Neb. 593, 81 N. W. 608; Frick v. Krabaker, 116 Iowa, 494, 90 N. W. 498; Cooper v. Water Co. (Cal.) 116 Pac. 298; Fisher v. Ins. Co. (Tenn.) 138 S. W. 316; Gehlert v. Quinn (Mont.) 90 Pac. 168; State ex rel. v. Ellison (Mo.) 187 S. W. 23; 38 Cyc. 1755, and cases cited in notes 63–86.

"Regardless of the rule as to the propriety of instructing at all on the burden of proof, an instruction constitutes reversible error when it places the burden on the wrong party." 38 Cyc. 1748, 1749, and cases cited in note 98; Hillyard v. Blair (Utah) 155 Pac. 449.

A verdict that is ambiguous and uncertain as to the amount of recovery should not be received by the court. The jury must definitely fix the amount of the verdict. Comp. Laws 1913, § 7634; 38 Cyc. 1879, 1880, title "Interest," and cases cited; Sonnesyn v. Akin, 14 N. D. 261.

*Cowan & Adamson,* and *H. S. Blood,* for respondent.

The parties here did not contemplate or intend changing or altering their written contract of sale, either in the amount or manner of payment, but sought only to ascertain and settle all dispute regarding the items and actual balance under the terms of the contract. Kreuger v. Dodge (S. D.) 87 N. W. 965; Killops v. Stephens, 66 Wis. 571; Woods v. McPherson, 21 N. D. 384; 1 Cyc. 368.

But notwithstanding the written contract, if subsequently and independently of the same, there is an admission of indebtedness, the amount may be recovered upon an account stated. Young v. Hill, 67 N. Y. 162; Gilson v. Stewart, 7 Pac. 100; Middleditch v. Ellis, 2 Exch. 623.

There need not be mutual accounts and mutual readings and examination in order to create an account stated. It may be one sided and consist of a single item or entry. Gross v. Briener, 18 U. C. Q. B. 410; Foster v. Allanson, 2 T. R. 479; Morvaria v. Ley, 2 T. R. 483; Cortledge v. West, 5 Hill, 488; Danforth v. Twp. Road Co. 12 Johns 227; 1 Cyc. 365; Thomasma v. Carpenter (Mich.) 141 N. W. 559

A contract for the sale of real estate may be rescinded by parol.

Arnett v. Smith, 11 N. D. 55; Cotton v. Butterfield, 14 N. D. 465; Silander v. Gronna, 15 N. D. 552; Wedge v. Kittleson, 12 N. D. 452; Haughan v. Sjernheim, 13 N. D. 616; Mahon v. Wedge, 11 N. D. 181.

GRACE, J. Appeal from the district court of Ramsey county, North Dakota, Honorable A. T. Cole, judge.

This action is one to recover $826.84 for a balance claimed to be due and unpaid upon the amount of the contract for the sale of certain property sold by Fred Lemke to the defendant, which contract for sale of such property and the claim for the payment thereof was, by Fred Lemke, assigned to Henry Lemke, W. F. Lemke, and B. W. Lemke. The plaintiffs claim there was an account stated had between the plaintiff and defendant, and that the agreed balance was $758.34. The facts of the case, concisely stated, are as follows:

In February, 1909, Fred Lemke sold to the defendant his farm implement business, stock in trade, and two parcels of real estate,— all located in Brocket, North Dakota. The terms of such sale were reduced to writing and invoice of property was taken and delivered to the defendant. The written agreement is as follows:

February 9, 1909. This agreement made and entered into this 9th day of February, A. D. 1909, made and entered into by and between Lemke Bros. Implement Company, by Fred Lemke, a member of the firm, party of the first part hereafter called the sellers, and Albert Thompson, party of the second part hereafter called the purchaser, witnesseth: That the said first party hereby agrees to sell their property in the village of Brocket,—lots 14 and 15 in block 4 with buildings, and lots 1 and 2 in block 3 with buildings, stock of machinery, etc., or all known to belong to the business in said business in Brocket for the consideration of $5,807.42 according to mutual agreement heretofore made to said second party that said second party shall assume the contracts entered into by said first party, provided, however, that such debts and liabilities shall only be such as refer to contract with jobbing houses. That manufacturers such as the International Harvester Company or wholesale implement houses, that of total or net amount due said first party shall be deducted, also the sum of $450 already paid as earnest money to bind said purchaser that the invoice

of all goods on hand shall become a part of this agreement and shall be hereunto attached. That said first party or sellers agree to and bind themselves to give or procure warranty deeds to lots numbered 14 and 15 in block 4, and 1 and 2 in block 3, with abstract of title to same when the purchaser or the said second party agrees to pay to said first party, in cash, the net amount due said first party under this agreement. Said second party has paid to said first party the sum of $800, receipt whereof is acknowledged by said first party. Witness our hands and seals the day and year above first written.

Lemke Bros. by Fred Lemke.

Albert Thompson.

Five thousand eight hundred and seven dollars and forty-two cents was the contract selling price of such property, upon which was paid or credited $5,111.58, leaving a balance of $695.84 upon which there would be interest at the legal rate from the time of the sale until the payment thereof. The defendant nowhere proves that he is entitled to any greater amount of credit than $5,111.58; and from the record before us, we are confident that he has received credit for all payments made, shortage for which he is entitled to credit, and payments made to parties such as machine companies under contracts from such companies with Lemke Bros., which contracts were assumed by the defendant. The defendant seeks to avoid liability for the balance claimed by the plaintiff to be due, principally on the ground that the action is not brought upon the contract to recover the balance unpaid, if any, of the contract price; and also seeks to avoid liability upon the theory that the plaintiff, having in his complaint alleged an account stated, has failed to establish the same by competent testimony. These points include about all the merit there is in the defense. It is not difficult to determine that neither of such defenses is really meritorious. If the defendant would show that he had paid the full contract price for the property, or that he had paid a greater portion of the contract price of the property than the plaintiff had given him credit for, so that he would be liable for a lesser sum than the amount for which plaintiff brought suit, such showing would be the basis of a meritorious defense. For the present, brushing aside all technical objections and technicalities, the only real question in the case is: How much money, if any, does

the defendant still owe plaintiff after deducting all payments made, and all credits given?

Considering defendant's first main objection, that the action is not brought upon contract, we are of the opinion that there is no merit in such contention. Under the rule of liberal construction of pleadings, it would appear to us that the complaint, when liberally construed and when taken in connection with the answer and when taken in connection with the fact that the whole contract is pleaded in the answer, states an action upon contract.

The complaint, in part, reads as follows:

"That on or about the 9th day of February, 1909, one Fred Lemke then and there being the owner of a certain machinery business and other property, both real and personal, at or about the village of Brocket, in the county of Ramsey, state of North Dakota, made sale thereof to the defendant, Albert Thompson, at a price then and there agreed upon, and said sale was thereupon consummated between the parties. That certain payments were made thereon, but leaving a balance of $826.84 due and unpaid on the said defendant to the said Fred Lemke, and on or about the 14th day of September, 1909, said balance being still due and unpaid, the account for said balance was duly assigned, transferred, sold, and set over to Henry Lemke, W. F. Lemke, and B. W. Lemke; and the plaintiff herein was, long prior to the commencement of this action, made the owner thereof for the purpose of collection by authorization from the said Henry Lemke, W. F. Lemke, and B. W. Lemke, and is now the owner thereof for the purpose of collection."

It will be observed that the language pleads the sale of the property, and admits the payment for the property with the exception of the sum therein stated. It is true, part of the terms of the sale of the property are not stated, but whatever the plaintiff has failed to state with reference to the terms of the contract are supplemented by the answer, which sets out in full, the agreement. We are of the opinion that the complaint sufficiently alleged the contract of sale, so that it would be permissible to prove what, if any, balance remained unpaid of the price for which such property was sold. In this regard, we do not say that the plaintiff set forth his cause of action under the contract in an ideal form; but considering this part of the complaint on

its own merits and also considering it in connection with the answer, we are able to understand what the issues are which are thus formed. In view of our conclusions in this regard, the contention of the defendant that the court erred in denying defendant's motion for a directed verdict is without merit.

Exhibit 3 was offered in evidence, and it shows payments and credits allowed defendant in the sum of $5,111.58. Among the credits so shown is one for $750, which was in payment for the Olsgard lots. All of these various items and payments were applied in reduction of the contract price on the property. All the different items of payment and credits, as well as the allowance for the shortage, would show a performance of the contract to the extent to which they reduced contract price. These credits to the amount stated are not disputed, and when applied in reduction of the contract price leave a balance substantially equivalent to that for which plaintiff has maintained this suit. Defendant has nowhere shown that he has paid that amount. He must concede that he has received credit for $750, price of the Olsgard lots, and though he paid $865 to Olsgard, the difference between $750 and $865 resulted from the accrued interest on $750 at the time the same was paid, together with the taxes.

The next proposition involved in this case is; assuming that the plaintiff has not made out a case on contract, is he entitled to recover by reason of an account stated? We are of the opinion that he is. There can be no question but that the plaintiff has properly alleged an account stated. Plaintiff alleges in substance that on or about the 30th day of December, 1909, an account was had between defendant and Henry Lemke, W. F. Lemke, and B. W. Lemke, through and by the said Fred Lemke, and a settlement and account stated was agreed upon and the balance due agreed thereon between the said parties, whereby it was agreed that it was then due and owing from the said defendant to the said Henry Lemke, W. F. Lemke, and B. W. Lemke the sum of $758.34, which amount the said defendant agreed to pay, and said Fred Lemke, for and on behalf of the said Henry Lemke, W. F. Lemke, and B. W. Lemke, agreed to accept in full settlement of said account and claim.

The complaint further shows that in the month of May, 1910, the items of said account were again gone over by the plaintiff and defend-

ant, and the said account stated, and the items thereof again ratified by the said defendant at the same agreed balance of $758.34, as being due December 30, 1909, which balance the said defendant again agreed to pay and the plaintiff to accept. This states a good cause of action on an acount stated. An account stated is defined thus:

"In general terms, where an account is rendered by one person to another, showing a balance due from the one to the other, and the indebtedness thus expressed is acknowledged to be due by the person against whom the balance appears, or where parties having previous transactions agree upon a definite balance as due from one to the other, this will constitute an account stated." 1 Cyc. 364.

"The bare statement of a balance due, if accepted, may constitute a stated account, even though the demand is not accompanied by an account of the items, under the rule that if a fixed and certain sum is admitted to be due for which an action would lie, that will be evidence to support a count on an account stated." 1 Cyc. 367.

"To constitute an account stated, the correctness of the balance must receive the assent of both parties. A certain fixed sum must be admitted by the one party to be due to the other, and where there are mutual or cross demands there must be an adjustment, a balance struck, and an assent to the correctness of the balance." 1 Cyc. 369.

"Where the parties meet and go over their accounts, and strike a balance in favor of one of them, to which the other assents as correct, this is sufficient to show an account stated, and the same result is brought about where the person to whom an account is rendered subsequently acknowledges the receipt of it and promises to pay it. An account may become stated where the statement of dealings between two persons is made out by one of them and submitted to the other, who acquiesces in its correctness; and if the acknowledgment in writing is not in fact stronger evidence of a statement of the account, it is at any rate sufficient to make the account a stated one, where the other elements concur." 1 Cyc. 372.

It was a question of fact for the jury whether or not there was an account stated, whether the plaintiff and defendant had a meeting on December 30, 1909, at which time they went over their accounts, and an allowance of the shortage was made the defendant by the plaintiff, and the defendant credited with all the payments and credits to which

he was entitled, and the whole amount thereof deducted from the contract price of the property so as to leave a balance of indebtedness owing from the defendant to the plaintiff. The testimony whether or not an account was stated on December 30, 1909, is somewhat conflicting. There is abundant testimony, however, to show that an account was stated on December 30, 1909. It would serve no useful purpose to set out any or all of this testimony, but it is quite sufficient to sustain the verdict of the jury. It is true that the defendant denies much of such testimony, and equally true there is a conflict in the testimony in regard to whether an account was had and an account stated agreed to. The jury were the exclusive judges of all the facts, and of the weight and sufficiency of the evidence and the credibility of the witnesses.

From all the testimony the jury determined the questions of fact in plaintiff's favor, and assessed his damages at $758.34, with legal interest thereon from December 30, 1909. The verdict of the jury is well sustained by the evidence, and the amount due from the defendant to the plaintiff is the sum set forth in such verdict. The jury could have arrived at the verdict which it rendered, either by determining the amount of the verdict to have been the balance due upon the contract or to have been the amount of the stated account. We have heretofore pointed out that the plaintiff pleaded the contract as well as a stated account.

We have carefully examined all assignments of error based upon the ruling of the court in overruling defendant's objections to the introduction of certain testimony, and also the ruling of the court in sustaining objections by plaintiff to the introduction of certain evidence by the defendant, and find the court, in making such rulings, committed no error. We have also carefully examined all the instructions given by the court and find no reversible error in the giving of such instructions. Exhibit 3 was properly admitted in evidence, and it was a question of fact for the jury, under all the testimony, whether it was a mere memorandum or a stated account.

The judgment is affirmed, with costs.

ROBINSON, J. (concurring). Defendant appeals from a judgment for $758.34 as a balance due upon an account stated. The complaint

avers that in February 9, 1909, Fred Lemke (the plaintiff's assignor) was the owner of a farm machinery business and of certain real property in Brocket, North Dakota, and he sold the same to defendant. That on December 30, 1909, an account was stated between the parties, and it was agreed that there was due and owing to Fred Lemke $758.–34, which he assigned to the plaintiff.

The answer denies the statement of an account. It avers that on February 9, 1909, Fred Lemke made a written contract (of which copy is given) to sell and convey to defendant by warranty deed with abstracts of title, lots 14 and 15 in block 4, and lots 1 and 2 in block 3, in Brocket, North Dakota, for which defendant promised to pay $5,807.42; that Fred Lemke failed to comply with the contract and failed to deliver a deed to the lots and failed to deliver all the personal property. On the trial defendant objected to any evidence of an account stated because it appeared the alleged cause of action was based on a special contract for the transfer of real and personal property, and the complaint failed to state the contract or to show any compliance with its conditions.

However, the court admitted evidence showing the making of the contract, the facts bearing on the performance of the same, the delivery of the property, and the making of payments. In short the evidence of the whole transaction was received and the case submitted to the jury in the same manner as if the facts had been properly stated in the pleadings. It was conceded that a written contract was made to sell and transfer the property for $5,807.42, and that defendant was entitled to payments and credits amounting to $5,111.48. This left a balance of $695.84. To this there was added for interest $62.50, which made the balance $748.34.

The alleged settlement was made on December 30, 1909. An exhibit was put in evidence, giving every item of the credits, payments, and allowances, amounting to $5,111.48, and defendant has not shown that any item is materially incorrect.

True it is Fred Lemke did not convey to defendant lots 1 and 2 in block 3, for which he held a contract from Olsgard. Defendant obtained from Olsgard a warranty deed paying him $865, which was $750 and interest at 12 per cent from date of contract till the day of the deed, and defendant was given proper credit for the payment.

There was ample evidence to sustain the settlement and accounting, and to show that it was correct, and it does not appear that any wrong has been done the defendant. However, the complaint should have fairly and concisely stated the special contract and a compliance with the same, the amounts paid by the defendant and the balance due from him. In the conduct of the trial both parties were at fault, but there was no occasion for the appeal.

Judgment affirmed.